ANDREW WELTCHEK, ESQ.
450 Seventh Avenue, 13th Fl.
New York, New York 10123
212-792-6579
weltchek@weltcheklaw.com
Attorney for Plaintiffs

## UNITED STATE DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

MARY BREGLIA,

        Plaintiff,

    v.                                  **COMPLAINT**

MONA GORA (a/k/a Mona Gora-Friedman,    **12 CIV 1688 VLB ECF CASE**
Mona Friedman & Mono Gora), MDG, Limited
Liability Company, and The Stand Off, LLC,    **Jury trial demanded**

        Defendants.
-------------------------------------------------------)(

       Plaintiff Mary Breglia ("Ms. Breglia" or "Plaintiff"), by her attorney, Andrew Weltchek,

Esq., alleges the following for her Complaint against Defendants Mona Gora ("Ms. Gora"),

MDG Limited Liability Company, and The Stand Off, LLC (altogether "Defendants").

### Introduction

    1.   This is an action for damages and injunctive relief brought by an individual consumer for

Defendants' violations of: (a) the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*.

("the FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair

practices, (b) the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq.* ("RESPA"),

which, *inter alia,* requires servicers of a federally related mortgage loan within the meaning of

RESPA to notify the borrower of certain information and rights, and (c) New York General

Business Law § 349 ("GBL § 349"), which prohibits deceptive acts or practices in the conduct of any business, trade, or commerce, or in the furnishing of any service in the State of New York.

## The Parties

2.   Plaintiff, Mary Breglia, is a natural person residing at 186 Crotona Avenue, Harrison, New York 10528.

3.   Defendant, Mona Gora, is a natural person and an associate of the defendant limited liability companies, MDG Limited Liability Company and the Stand Off, LLC, within the meaning of the FDCPA.

4.   Upon information and belief, Ms. Gora is a manager and controlling member of the defendant limited liability companies, MDG Limited Liability Company and the Stand Off, LLC.

5.   Upon information and belief, Ms. Gora resides at 33 Windsor Drive, Muttontown, New York 11753 and has offices with the defendant limited liability companies at 32 Court Street, PH, Brooklyn, New York 11201.

6.   Ms. Gora is also known as Mona Gora-Friedman, Mona Friedman, and Mono Gora.

7.   Defendant MDG Limited Liability Company is a limited liability company organized under the laws of the State of Delaware, with offices at 32 Court Street, PH, Brooklyn, New York 11201.

8.   Defendant, The Stand Off, LLC is a limited liability company organized under the laws of the State of New York, with offices at 32 Court Street, PH, Brooklyn, New York 11201.

9.   The Defendants are engaged in the business of collecting debts and are "debt collectors" of Ms. Breglia's "debt," as those terms are defined in the FDCPA, 16 U.S.C. § 1692a.

10. Among other debt collecting activities, the Defendants have bought or otherwise obtained residential mortgages that were in default, including the mortgage on Ms. Breglia's home, and

foreclosed upon them.  Upon information and belief, it is the pattern and practice of the

Defendants to buy the mortgages on, and foreclose upon, properties that are worth more than the

balance due on the mortgages in order to make a profit as quickly as possible.

11. Upon information and belief, the Defendants make or invest in residential real estate

loans aggregating more than $1,000,000 per year, which under RESPA 12 U.S.C. §§ 2602 &

2605 makes them creditors and loan servicers and makes Ms. Breglia's mortgage a federally

related mortgage.

### Jurisdiction and Venue

12. Plaintiff's causes of action arise under federal and state law, specifically, the Fair Debt

Collection Practices Act, 15 U.S.C. § 1692, *et seq*., the Real Estate Settlement Procedures Act,

12 U.S.C. § 2601, *et seq*, and the New York General Business Law § 349.

13. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1692k, 12 U.S.C. §

2614, and 28 U.S.C. § 1337, and supplemental jurisdiction over the GBL § 349 claims pursuant

to 28 U.S.C. § 1367.

14. Personal jurisdiction over Defendant is proper under §§ 301 and 302 of the New York

Civil Practice Law & Rules, Rule 4 of the Federal Rules of Civil Procedure, and under the Due

Process Clause of the Fourteenth Amendment to the Constitution of the United States of

America.

15. Venue is proper in this district pursuant to 28 U. S. C. § 1391 (b) and (c) because

Defendants transact business within this district and the conduct complained of occurred here.

### Statement of Facts

16. Mary Breglia grew up in and inherited her mother's home at 186 Crotona Avenue,

Harrison, New York 10528 with her brother and sister.  She owns it now with her brother.

17. Ms. Breglia and her brother mortgaged their property at 186 Crotona Avenue with Fieldstone Mortgage Company, Inc. on May 18, 2007 to secure a loan to Ms. Breglia for $380,000.  Ms. Breglia was responsible to make the payments.

18. Ms. Breglia's mortgage was recorded in the name of MERS, Mortgage Electronic Registration Systems, Inc., as nominee for the lender, Fieldstone Mortgage Company, Inc. Specifically, the mortgage stated, *inter alia*: "'MERS' is Mortgage Electronic Registration Systems, Inc.  MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns.  MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Fling MI 48501-2026, tel. (888) 679-MERS.  **FOR PURPOSES OF RECORDING THIS MORTGAGE, MERS IS THE MORTGAGEE OF RECORD.**"  [Emphasis in the original.]

19. The note secured by the mortgage is payable to Fieldstone Mortgage Company, Inc. and nowhere mentions MERS.

20. Due to illness, the failure of Ms. Breglia's business, and other economic distress, Ms. Breglia was unable to keep up her mortgage payments.

21. After Ms. Breglia's mortgage on 186 Crotona Avenue was in default, on or about October 1, 2008, Mortgage Electronic Registration Systems, Inc., as "nominee for Fieldstone Mortgage Co., Inc.," executed what was called an assignment of Ms. Breglia's mortgage and note to an entity named "MDG LLC."

22. Mortgage Electronic Registration Systems, Inc. never owned or held the note to Fieldstone Mortgage Company, Inc. that was secured by Ms. Breglia's mortgage and never could or did assign it to anyone.

23. Upon information and belief, MDG Limited Liability Company never possessed or held the original note secured by Ms. Breglia's mortgage.

24. The attempted assignment of Ms. Breglia's mortgage to MDG Limited Liability Company failed because the transfer of a mortgage without the note is a nullity.

25. This attempted assignment of Ms. Breglia's mortgage to "MDG, LLC" was a nullity as well because there was - and is - no such entity as "MDG, LLC," nor is "MDG, LLC"

26. The non-existent "MDG, LLC" never could and never did possess or hold the original note secured by Ms. Breglia's mortgage.

27. On or about November 1, 2009, Ms. Gora executed as "Manager" of "MDG LLC" what was called an assignment of Ms. Breglia's mortgage and note to "The Standoff, LLC at 32 Court Street, PH, Brooklyn, NY 11201."

28. This attempted assignment of Ms. Breglia's mortgage to "The Standoff, LLC" was also a nullity because MDG LLC was not a holder or assignee of either Ms. Breglia's mortgage or the note originally secured by it.

29. This attempted assignment of Ms. Breglia's mortgage to "The Standoff, LLC" was a nullity as well because there was - and is - no such entity as "The Standoff, LLC."

30. The non-existent "The Standoff, LLC" never could and never did possess or hold the original note secured by Ms. Breglia's mortgage.

31. Upon information and belief, Defendant The Stand Off, LLC never possessed or held the original note secured by Ms. Breglia's mortgage.

32. Defendants had no right to foreclose upon Ms. Breglia's mortgage.

33. Nevertheless, Defendants threatened Ms. Breglia with foreclosure, demanded payment of a debt to which they had no right, came into her home unannounced and uninvited to threaten

her, attempted to collect amounts not expressly authorized, gave her differing and conflicting information about the amounts they claimed she owed them, failed to properly apply and account for her payments, demanded payment under a false name, and then obtained a judgment of foreclosure under a false name – among other violations of the FDCPA, 15 U.S.C. §§ 1692d and 1692f.

34. The false statements by Ms. Gora in seeking to collect from Ms. Breglia included, but were not limited to, swearing in an affidavit filed in the foreclosure action on March 8, 2011 that she had: "[r]eviewed the summons and complaint in this action to confirm the factual accuracy of the identity of the proper plaintiff, the defaults and the amounts claimed to be due to plaintiff as set forth therein."  These statements were false, *inter alia*, because none of the Defendants had any right to foreclose on Ms. Breglia's mortgage and the named plaintiff in the foreclosure action, "The Standoff, LLC," did not exist.

35. None of the Defendants gave Ms. Breglia the notice of debt required by 15 U.S.C. § 1692g upon, or within five days of, the initial communication with Ms. Breglia by any Defendant in connection with the collection of her mortgage loan.

36. None of the Defendants ever gave notice to Ms. Breglia of any assignment, sale, or transfer of the servicing of her mortgage loan with the information required by RESPA, 12 U.S.C. § 2605.

37. The foregoing acts by the Defendants caused Ms. Breglia extreme emotional distress.

38. Among other things, Defendants actions scared Ms. Breglia into selling nearly all her furniture in expectation of losing her home.

39. Defendants' actions further cost Ms. Breglia sums she could ill afford, including legal fees and expenses associated with her attempts to negotiate a settlement with Defendants and, finally, in seeking protection in a Chapter 13 bankruptcy proceeding.

### First Claim for Relief: FDCPA

40.  Plaintiff repeats and realleges the allegations set forth in paragraphs 1 – 35.

41. As a result of the above violations of the FDCPA, the Defendants are liable to the Plaintiff for a declaratory judgment that Defendants' conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

### Second Claim for Relief: RESPA

42. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 – 37

43. Defendants have engaged in a pattern or practice of non-compliance with the requirements of the mortgage servicer provisions of RESPA as set forth in 12 U.S.C. § 2605.

44. As a result of the above violations of RESPA, the Defendants are liable to the Plaintiff for a declaratory judgment that Defendants' conduct violated RESPA, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

### Third Claim for Relief: GBL § 349

45. Defendants' violated of GBL § 349 willfully and knowingly.

46. As a result of the above violations of GBL § 349, the Defendants are liable to the Plaintiff for injunctive relief for Defendants' unlawful acts and practices in violation of GBL § 349, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## **Request for Relief**

47. Plaintiff requests a jury trial and the following judgments and declarations against

Defendants:

    a.  Declaratory judgment that Defendants' conduct violated the FDCPA;

    b.  Declaratory judgment that Defendants' conduct violated RESPA;

    c.  Declaratory and injunctive relief for Defendants' violations of GBL § 349;

    d.  Actual damages;

    e.  Statutory damages pursuant to 15 U.S.C. § 1692k, 12 U.S.C. § 2605, and GBL § 349;

    f.  Costs and attorney's fees pursuant to 15 U.S.C. § 1692k, 12 U.S.C. § 2605, and GBL

      § 349; and

    g.  Such other relief as the Court deems fair, just and equitable.

March 7, 2012         s/_____
                    ANDREW WELTCHEK (AW 6136)
                    Attorney for Plaintiff Mary Breglia